**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**RANDALL TOWNSEND,**

    **Plaintiff,**

v.                                      **CASE NO.: 4:20-CV-00424-AW-MAF**

**CHARLES, E. LANE, JR.,
et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

This Cause comes before the Court upon the filing of Plaintiff's third amended complaint, ECF No. 28, responding to the Court's order to amend, ECF No. 24. Plaintiff paid the $400 filing. ECF No. 6. Despite the Court's explicit directives, Plaintiff's third amended complaint contains the same deficiencies as his prior filings. ECF No. 28. For the reasons stated below, the case should be dismissed.

**I.   Relevant Litigation History.**

Nearly one year ago, Plaintiff, a non-prisoner, proceeding *pro se*, filed a legally insufficient civil rights complaint pursuant to 42 U.S.C. § 1983 naming dozens of government officials and private individuals. ECF No. 1.

From the outset, Plaintiff sought the recusal of the magistrate judge(s)[1] assigned to this case when he disagreed with the orders directing him to properly amend his complaint. ECF No. 7. The Court denied the motion for recusal. ECF No. 11.

Next, Plaintiff filed a first amended complaint, which was stricken by the Court as an impermissible shotgun pleading; the Court ordered Plaintiff to amend. ECF Nos. 14, 18. Again, Plaintiff sought the recusal of the magistrate judge, which was denied. ECF Nos. 19, 21. Plaintiff filed a second amended complaint. ECF No. 22. The case was randomly reassigned to the Undersigned. ECF No. 23. The Court reviewed the second amended complaint and found it impermissible and legally deficient. ECF No. 24. The Court issued a final order to amend, provided specific directives, and directed Plaintiff to submit a properly amended complaint no later than **August 16, 2021,** and warned him that failure to comply with court orders would result in dismissal. Id.

Rather than amend, Plaintiff filed a motion for recusal of the Undersigned. ECF No. 26. The Court denied the motion because it was legally insufficient and the Undersigned was not named as a defendant in

---

[1] The Honorable Michael J. Frank was initially assigned to this case and later disqualified himself on July 21, 2021. ECF No. 23. The case was randomly reassigned to the Undersigned. Id.

Case No.: 4:20-CV-00424-AW-MAF

the case. ECF No. 27. As expected, Plaintiff submitted a third amended complaint naming the Undersigned as a defendant to the legally insufficient complaint. ECF No. 28, pp. 1, 4, 12.

## II. Plaintiff's Third Amended Complaint, ECF No. 28, is legally insufficient.

Plaintiff raises claims against dozens of government officials including magistrate- and district judges of this Court, "the Koch families and all Koch Companies; Bill Gates et al; Dr. Fauci; Mike Pence . . . persons in our White House, SCOTUS; CONGRESS; DOJ; CIA," attorneys, senators, and more. ECF No. 28. Plaintiff's complaint is a rambling narrative so that it is difficult to ascertain the nature of the lawsuit, although it has been filed pursuant to 42 U.S.C. § 1983. Id. Generally, Plaintiff seeks to pursue criminal charges for deprivations of rights, breach of contracts, and "quo warranto." Id. Plaintiff submits broad allegations for some acts which apparently occurred in the late 1980s and early 1990s. See id., generally. As relief, Plaintiff seeks the criminal prosecution of certain defendants for treason and RICO violations relating to election fraud, the removal of judges, the return of his children, to be installed as the Sheriff of Sarasota per the November 2020 election, and the release of his $121,000,000 held by several defendants. Id., pp. 22-25.

Before a complaint is dismissed as frivolous or for failure to state a claim upon which relief can be granted, a *pro se* plaintiff should generally be

permitted to amend the complaint to cure pleading deficiencies, if possible. See Shepherd v. Wilson, 663 F. App'x 813, 816 (11th Cir. 2016) (affirming denial of motion to amend because plaintiff "failed to explain how the proposed amended complaint would overcome the fatal deficiencies identified by the Magistrate Judge."). The Court has liberally allowed Plaintiff one year to file a properly amended complaint. Plaintiff has failed to do so.

*Pro se* litigants are entitled to liberal construction of their pleadings; however, they are required to conform to procedural rules. See Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002); see also McNeil v. United States, 508 U.S. 103, 113 (1993); Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("once a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

### III. Shotgun Pleadings are Not Permissible

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "Further, the allegations in the complaint 'must be

simple, concise, and direct,'" Fed. R. Civ. P. 8(d)(a), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' Fed. R. Civ. P. 10(b)." LaCroix v. W. Dist. of Ky., 627 F. App'x 816, 818 (11th Cir. 2015).

"A 'shotgun pleading' - one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief'—does not comply with the standards of Rules 8(a) and 10(b)." Id. (citations omitted). The Eleventh Circuit "has repeatedly condemned shotgun pleadings." Id. (citing PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010)). Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed.

The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. at 1321. Next, is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause

of action." Id. at 1322. The third type of shotgun pleading does not separate "into a different count each cause of action or claim for relief." Id. at 1323.

"Fourth, and finally, there is" the pleading which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. "The unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

Plaintiff brings forward claims against numerous defendants but provide no set of facts for any acts or omissions attributable to some of them. For example, Plaintiff names Ashley Moody as a defendant but fails to attribute any incident, act, or omission to her. Id., p. 9. Similarly, Plaintiff has made allegations against certain officials but has not provided any dates for the act or omission so that the Court can determine whether the statute of limitations has expired.

Furthermore, Plaintiff cannot simply "plead the bare elements of [a] cause of action" but must provide facts which present a "plausible claim for relief" to survive a motion to dismiss. See Randall v. Scott, 610 F.3d 701-708-09 (11th Cir. 2010) (concluding there is no "heightened pleading

standard" under Rule 8, including civil rights complaints) (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 687 (2009)). Plaintiff must allege the facts which support the claim raised against each defendant. Naming defendants as "The Koch Family" and "The Bush Family" is impermissible because it fails to put any individual on notice for any alleged wrongdoing. Finally, legal conclusions are insufficient.

IV. **The Complaint Fails to Comply with the Local Rules and with the Court's Orders**

Despite the Court's prior orders, Plaintiff's complaint fails to comply with the Local Rules. The Court previously advised Plaintiff that he must submit his complaint on the proper form. Local Rule 5.7(A) provides that *pro se* civil-rights complaints ordinarily will not be considered by the Court unless the appropriate form has been properly completed and filed by the litigant. The use of a prescribed form was adopted to promote efficiency and judicial economy while at the same time safeguarding litigants' rights. Plaintiff has repeatedly refused to submit his complaint on the form promulgated by the United States District Court for the Northern District of Florida.

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" <u>Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc</u>., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting

Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id.

Dismissal of the complaint is warranted under Rule 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); accord. Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999). This Court cannot proceed with a complaint that fails to comport with the Rules.

Plaintiff failed to amend the complaint as directed. The Clerk provided Plaintiff with the proper forms. The court warned Plaintiff that failure to comply with court orders would result in a recommendation to dismiss the action. ECF No. 5. Dismissal is warranted, particularly, given that Plaintiff is proceeding in the same exact manner as he has for one year now, in willful contempt of the Court's orders. No other sanction will suffice in this case. Moreover, for the reasons stated below, it would likely be futile to amend his complaint any further.

## V. Statute of Limitations

The statute of limitations period for Section 1983 claims arising in Florida is four years. Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003); Fla. Stat. § 95.11(3)(j). Federal courts must apply state law in determining the statute of limitations applicable to a Section 1983 action. "[T]he limitations period begins to run when the 'facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence.'" Heard v. Publix Supermarkets, Inc., 808 F. App'x 904, 907 (11th Cir. 2020) (citing Fla. Stat. § 95.031(2)(a) (2019)).

Here, Plaintiff provides no set of dates for acts committed by many of the Defendants. He also claims that certain defendants committed acts in the late 1980s and 1990s. Id., p. 12-18. Plaintiff initiated this case on August 28, 2020. ECF No. 1. In short, any preserved claim that stems from an act or omission that predates August 28, 2016, will likely be barred by the statute of limitations.

## VI. Misjoinder

Fed. R. Civ. P. 20(a)(2) states that multiple defendants may be joined in the same action only if, first, "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences."

Second, there must be a "question of law or fact common to all defendants" in the action. Both prongs of the test must be met in order for joinder to be appropriate.

Upon review of the complaint, it is not readily apparent how the various claims arise from the same transaction. For example, Plaintiff raises claims against judges for their decisions in various cases. Similarly, the claims raised by Plaintiff that certain defendants made false statements to Congress are unrelated to the claims against the judges. A lawsuit against multiple defendants based on unrelated events would create case management problems, would prejudice the defendants, and would be fundamentally unfair. At the very least, because of the unrelated occurrences that give rise to these claims, it is likely that the defendants will present unique defenses that will require different evidence. Claims that arise out of unrelated transactions or occurrences must be filed as separate actions subject to different case numbers and filing fees.

## VII.   Judicial Immunity

Plaintiff's claims against the judges likely fail. An error or mistake by a judge in ruling in a case is not the proper subject of a separate lawsuit, but rather may be appropriate for an appeal to a higher court. "Judges are entitled to absolute judicial immunity from damages for those acts taken

while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005) (quoting Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000)). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." Id.

> Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity.

Williams v. State of Ala., 425 F. App'x 824, 826 (11th Cir. 2011) (quoting Sibley, 437 F.3d at 1070).

## VIII. Plaintiff Does Not Have Standing to Litigate Criminal Allegations

Plaintiff relies on criminal statutes, including RICO statutes, to create a private right of action. However, such reliance is misplaced. See Linda R.S. v. Richard C., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); see also Love v. Delta Air Lines, 310 F.3d 1347, 1352-53 (11th Cir. 2002) (stating "[c]riminal statutes generally do not provide a private cause of action"). More importantly, the decision to prosecute generally rests entirely in the

prosecutor's discretion. <u>Bordenkircher v. Hayes</u>, 434 U.S. 357, 364 (1978). Plaintiff has no standing to pursue the criminal prosecution of any defendant.

## IX. Conclusion and Recommendation

It is respectfully **RECOMMENDED** that Plaintiff's complaint be **DISMISSED** for failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. Loc. R. 41.1 and as an impermissible shotgun pleading. <u>See</u> <u>also</u> <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989) ("while dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

IN CHAMBERS at Tallahassee, Florida, on August 17, 2021.

                                          s/ Martin A. Fitzpatrick
                                          **MARTIN A. FITZPATRICK**
                                          **UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).

Case No.: 4:20-CV-00424-AW-MAF