IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**RANDALL TOWNSEND,**

    **Plaintiff,**

vs.                                                    Case No. 4:20-cv-00424-WS-MAF

**CHARLES LANE, JR.,**
**et al.**

    **Defendants.**
_____/

## ORDER AND REPORT AND RECOMMENDATION
## ECF NO. 30

This Cause comes before the Court upon Plaintiff's latest filing, submitted as an "Emergency Motion" against certain defendants and an "Emergency Reply" to the order to amend (ECF No. 27) and Report (ECF No. 28) issued by the Undersigned. ECF No. 30. Plaintiff is proceeding *pro se*, therefore, the "motion" is construed liberally as a motion for recusal, a motion for quo warranto, and as objections to the court's orders to amend and the pending Report and Recommendation. Id.

Plaintiff seeks the recusal of the Undersigned and other judges of this court, alleges that the orders to amend and the Report are "frauds," objects to the dismissal of this case, and demands review by Supreme Court Justice Clarence Thomas. Id., p. 1. For the reasons stated, Plaintiff's motion for

recusal is due to be denied, in part. Plaintiff's request for a writ of quo warranto should be denied. Finally, Plaintiff's claims that the court's orders to amend are fraudulent and his objections to the Report recommending dismissal are deferred to the district judge.

Over one year ago, Plaintiff initiated this case by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983 (and three amended complaints) naming dozens of government officials and private individuals seeking to pursue criminal charges; the removal of judges; the return of his children; the return of his $121,000,000, allegedly held by several defendants; and to be installed as the Sheriff of Sarasota per the November 2020 election. ECF Nos., 1, 14, 22, 28. To date, Plaintiff has not submitted a legally sufficient complaint. The Undersigned issued a Report recommending dismissal for failure to comply with court orders and as an inadmissible shotgun pleading. ECF No. 29. The Report remains pending adoption by the court. Id. In the interim, Plaintiff filed the instant "emergency motion," ECF No. 32, though no emergency exists. Plaintiff does not report any threats, violence, or physical injury whatsoever.

I. **Plaintiff's Motion Seeking the Recusal of the Undersigned and other Judges is DENIED.**

The Court has previously addressed Plaintiff's motions seeking the recusal of the Undersigned and other judges in this case. Pursuant to 28

U.S.C. § 455(a), "any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The standard under § 455 is objective and requires the court to ask "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." McWhorter v. City of Birmingham, 906 F.2d 674, 678 (11th Cir.1990) (citation omitted). The allegation of bias must show that "the bias is personal as distinguished from judicial in nature." United States v. Phillips, 664 F.2d 971, 1002 (5th Cir. Unit B 1981), superseded on other grounds, United States v. Huntress, 956 F.2d 1309 (5th Cir.1992); Phillips v. Joint Legislative Comm., etc., 637 F.2d 1014, 1019-20 (5th Cir.1981). In short, except where pervasive bias is shown, a judge's rulings in the same or a related case do not provide a sufficient basis for recusal. See Phillips, 664 F.2d at 1002-03.

    Plaintiff's motion offers no factual evidence of the type of personal bias that would sustain a doubt about the impartiality of the judges (including the undersigned) which would require recusal in this case. Moreover, Plaintiff has established a pattern of seeking the removal or recusal of judges previously assigned to this case where he disagrees with the order issued. See ECF No. 7, 11, 19, 20, 21, and 26. Plaintiff falsely claims that the

Undersigned has recused "himself by admitting his knowing and intentional crimes." ECF No. 30, p. 12-13. Accordingly, Plaintiff's motion for recusal is DENIED.

## II.     Plaintiff's Request for a Writ of Quo Warranto is Misplaced.

Quo warranto is an ancient writ and extraordinary remedy. Historically, this common law remedy has been available only in connection with proceedings over an individual's right to hold an office or position. "Since the remedy by quo warranto, . . . is . . . employed to test the actual right to an office or franchise, it follows that it can afford no relief for official misconduct and cannot be employed to test the legality of the official action of public or corporate officers." Smith v. Dearborn Fin. Servs., Inc., 982 F.2d 976, 981 (6th Cir. 1993) (citing Andrade v. Lauer, 729 F.2d 1475, 1498 (D.C. Cir.1984); Sundance Land Corp. v. Community First Fed. Sav. and Loan Ass'n, 840 F.2d 653, 665 (9th Cir.1988); (quoting United States ex rel. State of Wis. v. First Fed. Sav. and Loan Ass'n, 248 F.2d 804, 808 (7th Cir.1957), cert. denied, 355 U.S. 957 (1958)). Essentially, quo warranto is action for the ejectment of the wrongful office holder. See Andrade v. Lauer, 729 F.2d at 1498. It cannot be used to test the legality of official actions of public or corporate officials. Smith v Dearborn Financial Serv., In., 982 F.2d at 981.

Plaintiff's filing is a rambling narrative so that it is difficult to ascertain the nature of his requests. ECF No. 30. Generally, the filing appears to repeat the allegations made in Plaintiff third amended complaint (ECF No. 28). Id. Plaintiff alleges the judges in this case issued illegal orders; therefore, under the 25th Amendment, he has a right to impeach judges and/or remove the "jurisdiction" of the magistrate judges from this case. Accordingly, Plaintiff argues that Justice Clarence Thomas should be assigned to make a ruling in this case. Id., pp. 7-11.

Plaintiff provides no set of facts that support a claim that the judges involved in this case do not have a legal right to their positions. Neither quo warranto nor the 25th Amendment provide authority for the removal of federal judges based on their rulings or orders. In fact, an error or mistake by a judge in ruling in a case is not the proper subject of a separate lawsuit, but rather may be appropriate for an appeal to a higher court. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005) (quoting Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000)). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." Id.

> Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity.

Williams v. State of Ala., 425 F. App'x 824, 826 (11th Cir. 2011) (quoting Sibley, 437 F.3d at 1070).

The proper course of action to challenge a court's order may be made by filing a motion for reconsideration, by filing objections, or appealing final orders to the United States Court of Appeals for the Eleventh Circuit. Because Article III of the Constitution provides the Supreme Court with appellate jurisdiction, parties who are not satisfied with the decision made by a lower court (i.e. by the United States Court of Appeals) may petition the Supreme Court for review by seeking a writ of certiorari. Alternatively, the Supreme Court has limited original jurisdiction over cases which involve disputes between the states or those arising among ambassadors and other high-ranking ministers. This court has no authority to transfer the case on its own to a higher court. If Plaintiff seeks review by the Court of Appeals or by the Supreme Court, he must file his petitions directly with those courts. Accordingly, Plaintiff's request for quo warranto is misplaced and should be DISMISSED.

Case No. 4:20-cv-00424-AW-MAF

## III. Conclusion and Recommendation

It is respectfully recommended that Plaintiff's "emergency motion" for quo warranto, ECF No. 30, be **DISMISSED**. Plaintiff's motion for recusal of the Undersigned contained within ECF No. 30 is **DENIED**. The remainder of Plaintiff's objections to the orders to amend and objections to the pending Report and Recommendation (ECF No. 29) are **DEFERRED** to the district judge.

IN CHAMBERS at Tallahassee, Florida on September 7, 2021.

> **s/ Martin A. Fitzpatrick**
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).